(Pleito No. 112.—Fallado el 12 de Febrero de 1901.)

### SCHIRA contra ARZUAGA.

RECURSO contra sentencia dictada por la Corte de Distrito de San Juan.

1.—EMBARGO.—VENTA DE BIENES MUEBLES. La venta de bienes muebles mediante escritura firmada por ambas partes y atestiguada, no existiendo intención fraudulenta, es válida, aun cuando el vendedor quede en posesión de la cosa; y el embargo en un pleito promovido por el arrendador en cobro de renta, efectuado después de la venta, no procede, aún en el caso de haberse dado la cosa en garantía de la renta.

2.—SENTENCIA EN UN PLEITO DE TERCERÍA. El Tribunal en un pleito de tercería, está limitado á decidir si el tercero que reclama como suya la cosa, es ó no dueño de ella.

3.—DERECHO DE PROPIEDAD. Distinción entre el derecho de propiedad en virtud de escritura pública y· el derecho de propiedad sujeto á futura contingencia.

#### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á doce de Febrero de mil novecientos uno, en el pleito seguido ante el Tribunal de este Distrito por Don Pedro Schira

y Meletta, industrial, vecino de esta Ciudad, con Don José María Arzuaga, comerciante, de la misma vecindad y con los estrados correspondientes por la rebeldía de Don Bartolomé Simonet, cuya profesión y vecindad no constan, sobre tercería de dominio; pendiente ante Nos en virtud de recurso de casación por infracción de ley interpuesto por el demandante, dirigido y representado por el Licenciado Don Antonio Alvarez Nava, habiéndolo sido Arzuaga por el Letrado Don Herminio Díaz Navarro, y no habiendo comparecido Simonet en este Tribunal Supremo.—Resultando: Que por escritura pública de veinte y uno de Enero de mil ochocientos noventa y nueve, Don José María Arzuaga, dueño de la casa número 15 de la calle de la Fortaleza, cedió dicha finca en arrendamiento y término de dos años á Don Bartolomé Simonet, por el canon mensual de doscientos sesenta pesos, moneda corriente oficial, quedando afectos á ese pago los bienes, muebles y enseres que se encuentran en la referida casa arrendada, teniendo en cuenta la naturaleza privilegiada de esta acreencia.—Resultando: Que por falta del pago del canon, estableció Don José María Arzuaga demanda de desahucio, que se declaró con lugar; y el propio Arzuaga promovió otro juicio contra Don Bartolomé Simonet, reclamándole quinientos veinte pesos á cuenta de mayor suma, procedente del mencionado canon, decretándose embargo preventivo, que se llevó á efecto en nueve de Octubre de mil ochocientos noventa y nueve en varios muebles, vajillas y enseres que tenía Simonet en la casa objeto del desahucio.—Resultando: Que por escritura de cinco de Octubre de mil ochocientos noventa y nueve, Don Bartolomé Simonet, dueño de varios muebles, cuyo valor asciende á novecientos pesos y deudor por esa suma de Don Pedro Schira por efectivo facilitado, cede en pago de tal cantidad los referidos muebles, quedando concluído y cerrado el trato desde el treinta y uno de Mayo anterior, según documento extendido en la misma fecha por ambos, autorizado con sus firmas y por los testigos Don Salvador Mata y

Don Marcelino García; expresándose en la cláusula 3ª de aquella escritura que ínterin el Sr. Simonet, vendedor, adquiere el ajuar y mobiliario que necesita para reemplazar al que ha enajenado, el Sr. Schira le deja en arrendamiento los efectos que han sido objeto del presente contrato.—Resultando: Que con fecha veinte y cinco de Octubre de mil ochocientos noventa y nueve el Licenciado Don Antonio Alvarez Nava, en representación de Don Pedro Schira Meletta, dedujo demanda de tercería de dominio contra Don José María Arzuaga y Don Bartolomé Simonet, con la pretensión de que se declarase con lugar y que se dejen á su disposición los muebles embargados, alegando que los había adquirido en pago de un crédito de novecientos pesos contra Simonet en cuyo poder quedaron dichos muebles en concepto de arrendamiento, según la escritura de cinco de Octubre de mil ochocientos noventa y nueve; y los artículos 1,818 y 348 del Código Civil, la regla 2ª, del artículo 63, 1,530, 1,533, 1,535 de la Ley de Enjuiciamiento Civil y el artículo 47 de la Orden General sobre organización de los Tribunales.—Resultando: Que conferido traslado de la demanda á Don José María Arzuaga, lo evacuó á su nombre el Letrado Don Herminio Díaz Navarro, exponiendo como hechos, los relacionados con referencia á la escritura de veinte y uno de Enero de mil ochocientos noventa y nueve, demanda de desahucio, reclamación de los quinientos veinte pesos, procedentes del arrendamiento de la finca, y embargo preventivo de los muebles á Don Bartolomé Simonet; y deducidos como fundamentos de derecho la sentencia del Tribunal Supremo de España de trece de Diciembre de mil ochocientos noventa y nueve y los artículos 1,818 é inciso 7º del 1,923 del Código Civil, concluyó solicitando se desestime con las costas la demanda de tercería de dominio propuesta.—Resultando: Que no habiendo comparecido el demandado Don Bartolomé Simonet, se hubo por acusada la rebeldía, y por contestada la demanda en los estrados del Tribunal.—Resultando: Que recibido el pleito

á prueba, se practicó la documental propuesta por las partes presentes, y por el actor el cotejo de la escritura de venta y la testifical sobre la certeza de la venta é identidad de los bienes de la tercería con los embargados y en seis de Julio del año anterior, el Tribunal de este Distrito dictó sentencia que declara sin lugar la tercería de dominio interpuesta por Don Pedro Schira á los procedimientos de apremio seguidos por Don José Mª Arzuaga contra Don Bartolomé Simonet, y deja expedita la acción de cobro que venía ejercitando el ejecutante sobre los muebles y enseres, objeto de la tercería, con las costas al tercerista ; fundando estos pronunciamientos en los artículos 1,218. 1,227, 1,922 del Código Civil y en el artículo 63 de la Orden General número 118, serie de mil ochocientos noventa y nueve.—Resultando : Que notificada esta sentencia á las partes y dentro del término legal, estableció la representación de Don Pedro Schira recurso de casación por infracción de ley, autorizado por el número 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil y citando como infringidos:—1º El artículo 1,218 del Código Civil, porque el contrato de arrendamiento entre Arzuaga y Simonet, no desvirtúa el que dejen de ser de la propiedad del último, los bienes de la tercería. Ese contrato produjo una obligación, una acción ó derecho personal que obliga sólo á los contratantes y sus causahabientes, y no al Sr. Schira; y el contrato de compra-venta genera un derecho real que faculta al comprador para reclamar la cosa y reivindicarla, no sólo contra el vendedor, sino también contra cualquiera otra persona, habiéndose confundido la certeza ó autenticidad del contrato de arrendamiento con su alcance ó efecto y no cabe invocar el referido precepto legal, en cuanto determina la fuerza probatoria de un documento público, para desvirtuar la eficacia de otro documento público, por el cual se trasmite la propiedad ó dominio.—2º El artículo 1,227 del propio Código Civil, puesto que el título de la tercería no es un contrato privado, sino documento público que produce efectos aun contra tercero desde el día de su

fecha, anterior al embargo trabado sobre los bienes vendidos,
y 3.º El 1,922 del mismo texto legal, que sólo debe tener
aplicación cuando exista concurrencia de créditos ó derechos,
en cuyo caso cabe discutir cual sea preferente; pero no
cuando concurran, como en el caso de autos sucede, de una
parte un crédito, el que tiene el Sr. Arzuaga contra el Sr.
Simonet y de otra la propiedad, el dominio que compete al
Sr. Schira, y que excluye toda preferencia de créditos.
Antes de estar, no ya adjudicados, pero ni siquiera embar-
gados los bienes objeto de esta tercería, el propietario de los
mismos Sr. Simonet, en uso del derecho que su condición de
propietario le confería de disponer de ellos libremente, se los
vendió por escritura pública á Don Pedro Schira. En ese
contrato concurrieron todos los requisitos intrínsecos y
extrínsecos exigidos por las leyes para su validez y por eso
no puede negarse su eficacia, ni desconocerse sus efectos, es
decir, la trasmisión del dominio del vendedor al comprador;
y no puede haber ningún crédito de aquél que tenga prefe-
rencia sobre el dominio de éste. Se han infringido, pues, por
aplicación indebida los artículos del Código Civil citados y por
su inaplicación los 348, 609, 1,450 y 1,462 del mismo texto
legal.—Resultando: Que la representación de Arzuaga
impugnó el recurso al evacuar el trámite de instrucción
y en el acto de la vista.—Visto, siendo Ponente el Juez
Asociado Don José M.ª Figueras Chiqués.—Considerando:
Que se han infringido por aplicación indebida los artículos
1,218 y 1,227 del Código Civil, puesto que se ha reconocido
por todos la autenticidad del contrato de arrendamiento
celebrado entre Don José Arzuaga y Don Bartolomé Simonet,
aunque este contrato no puede contraponerse á la venta
hecha por el segundo, no por documento privado, sino
por escritura pública á Don Pedro Schira.—Considerando:
Que habiendo adquirido Schira los muebles objeto de la
tercería de su legítimo dueño, con las condiciones todas
de consentimiento, objeto y causas necesarias para la validez
del contrato, y no habiéndose impugnado ni declarado su

nulidad ó simulación, es indiscutible su eficacia, por más que en la escritura de arrendamiento se afectasen al cumplimiento de ese contrato los mismos muebles, pues siendo esta obligación meramente personal, en ningún caso pueden trascender sus efectos más que á los otorgantes y á sus herederos, al tenor de lo dispuesto en el artículo 1,257 del Código, y no afectando por lo mismo á la integridad del derecho real del dominio, es evidente que quien lo adquirió por un justo título, como el ostentado por Schira, puede hacer valer su derecho, sin perjuicio de que Arzuaga haga valer el suyo para con Simonet por razón del incumplimiento de la obligación personal que éste contrajo, cuyo riesgo es inherente á esta clase de obligaciones, sin que por esto sea lícito alterar su naturaleza.—Considerando: Que hoy sería un imposible legal hacer declaración sobre limitación del dominio de los muebles de que se trata, porque aparte de que constituiría esa declaratoria una violación de las sentencias del Supremo de España de treinta y uno de Mayo de mil ochocientos setenta y uno, once de Julio del mismo año y trece de Junio de mil ochocientos setenta y cuatro, según las cuales la sentencia de los juicios de tercería no puede ser otra que la adjudicación de la cosa al tercer opositor ó la declaración de que no es dueño de ella, hay que tener muy en cuenta que no se ha formulado esa reconvención por el demandado, quien se ha limitado única y exclusivamente á solicitar que se desestime con las costas la demanda de tercería propuesta. Considerando: Que también se ha infringido por indebida aplicación el artículo 1,922 en su inciso 7º, pues se han confundido los conceptos de acreedor y dueño y las acciones peculiares á cada uno de ellos, porque desde que se suprimieron las hipotecas tácitas legales los créditos por alquileres y rentas de un año sólo tienen preferencia sobre los bienes muebles del arrendatario cuando haya concurrencia de créditos en su contra y sean dichos muebles de su propiedad, y en el caso en cuestión no se discute la preferencia del

cobro de acreencias y los muebles salieron de su dominio por un acto legítimo como es el contrato de venta cuya validez y eficacia, como se ha dicho antes, ni se ha impugnado ni hay sobre ese punto declaración alguna en la sentencia recurrida, por cuya razón el derecho de Arzuaga, como acreedor, no puede tener el alcance de sobreponerse al dominio reconocido de Schira.—Considerando: Que al entender lo contrario el Tribunal de este Distrito, declarando sin lugar la tercería de dominio interpuesta, ha cometido por varios conceptos las infracciones que se alegan en el recurso y procede por tanto la casación de dicha sentencia. —Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto á nombre de Don Pedro Schira y en su consecuencia casamos y anulamos la sentencia que en seis de Julio del año anterior dictó el Tribunal del Distrito de San Juan, sin expresa condenación de las costas del recurso.— Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández, José Mª Figueras, Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á doce de Febrero de mil novecientos uno.— E. de J. López Gaztambide, *Secretario*.